IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
__Atlanta__ DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 18 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

__Keisha M Kinlocke__
(Print your full name)

Plaintiff *pro se*,

v. Denis McDonough, Sec.
of the VA
Claudia Blakeley, AVAHCS
Ann R. Brown, Director AVAHCS
Lance Davis, Dep Dir AVAHCS
Sharon Polensek, AVAHCS
Michael Prentice, AVAHCS
Nicole Bundas, AVAHCS
(Print full name of each defendant; an employer is usually the defendant)
Robert C. Barham
Claudia Blakeley  Defendant(s).
Latasha Bryant

CIVIL ACTION FILE NO.

__1:22-CV-1490__

(to be assigned by Clerk)

### PRO SE EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

   **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Page 1 of 9

 Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

 Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

 Other (describe) 29 U.S.C § 203 Under the Wages and Fair Labor Standard Act, the Atlanta VA is guilty of underpaying me from August 2010 to present. The Atlanta is guilty of wage theft under the law and I am entitled to liquidated damages, interest and loss of use of the monies owed (Back wages).

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff.   Print your full name and mailing address below:

   Name      Keisha Marie Kinlocke

   Address   3740 Warwick Way
             Snellville GA 30039

4. Defendant(s).   Print below the name and address of each defendant listed on page 1 of this form:

   Name      Denis McDonough, Secretary of Veterans Affairs
   Address   810 Vermont Avenue NW
             Washington DC 20420

   Name      Ann R Brown, Director
   Address   Atlanta VAMC, ext 207601
             1670 Clairmont Rd, Decatur GA 30033

   Name      Lance Davis, Deputy Director
   Address   1670 Clairmont Rd, Decatur GA 30033
             (404) 728-7602

## Location and Time

5. If the alleged discriminatory conduct occurred at a location **different** from the address provided for defendant(s), state where that discrimination occurred:

   Not Applicable

## Parties

3. Plaintiff.   Print your full name and mailing address below:

   Name    Keisha Marie Kinlocke

   Address  3740 Warwick Way
            Snellville GA 30039

4. Defendant(s).   Print below the name and address of each defendant listed on page 1 of this form:

   Name    ~~An~~ Sharon Polensek, AVAHCS
   Address  Associate Chief of Staff, Neuro Svc
            1670 Clairmont Rd, Decatur GA 30033

   Name    Michael PRentice, Human Resource Spec
   Address  Employee/Labor Relations Specialist
   x 121451  1670 Clairmont Rd, Decatur GA 30033

   Name    Nicole Bundas, VISN 7 Worker's Comp
   Address  1670 Clairmont Road, Decatur
            GA 30033

## Location and Time

5. If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

   Not Applicable

Page 3 of 9  (Part 2)

## Parties

3.  **Plaintiff.** Print your full name and mailing address below:

    Name: Keisha M Kinlocke

    Address: 3740 Warwick Way
    Snellville GA 30039

4.  **Defendant(s).** Print below the name and address of each defendant listed on page 1 of this form:

    Name: Robert C. Barham, SE District Mgr

    Address: Department of VA, Ofc of Resolution Mgmt
    140 Fountain Pkwy N, Ste 620
    St. Petersburg FL 33716-1274

    Name: Claudia Blakeley

    Address: 1670 Clairmont Road
    Decatur GA 30033

    Name: Latasha Bryant

    Address: 1670 Clairmont Road
    Decatur GA 30033

## Location and Time

5.  If the alleged discriminatory conduct occurred at a location **different** from the address provided for defendant(s), state where that discrimination occurred:

    _____

    _____

Page 3 of 9  (Part 3)

6. When did the alleged discrimination occur? (State date or time period)

   The discriminated started when I became unable to work due to the assault on my person. In my attempt to apply for disability retirement, no one will complete the employer portion of the application. The discrimination is ongoing and has had no pause or sign of ending.

### Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?   __✓__ Yes   ____ No

   If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

   ____ Yes   __✓__ No

   If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: _____

9. If you are suing for **age discrimination**, check one of the following:

   __✓__  60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

   ____  Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

    \_\_\_\_ Yes    \_\_\_\_ No    ✓ Not applicable, because I was not an employee of, or applicant with, a State agency.

    If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

    _____
    _____
    _____
    _____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

    ✓ Yes    \_\_\_\_ No    \_\_\_\_ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

    If you checked "Yes," describe below what happened in that administrative process:

    After filing an EEO on February 11, 2021, I was terminated under an adverse action on February 19, 2021 while on approved FMLA. The adverse action was for excessive absences while out on LWOP for an assault at work.

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

    ___ failure to hire me
    ___ failure to promote me
    ___ demotion
    ✓ reduction in my wages
    ___ working under terms and conditions of employment that differed from similarly situated employees
    ✓ harassment
    ✓ retaliation
    ✓ termination of my employment
    ✓ failure to accommodate my disability
    ✓ other (please specify) Denial of vocational rehability as recommended by my doctor for reasonable accommodation.

13. I believe that I was discriminated against because of (check only those that apply):

    ✓ my race or color, which is BLACK
    ___ my religion, which is _____
    ✓ my sex (gender), which is ___ male  ✓ female
    ✓ my national origin, which is Jamaican
    ✓ my age (my date of birth is 12 Dec 1975)
    ✓ my disability or perceived disability, which is: Anxiety, Major Depressive disorder, PTSD from assault at work. (at Atl VA)
    ✓ my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

    ___ other (please specify) _____

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

After being underpaid for the past 12 years, when I filed my EEO complaint and was illegally terminated while on approved FMLA using an adverse action, the Atlanta VA then sent me two debt letters to the sum of $10,000 in retaliation. The debt was found to not be owed.

I was terminated by an individual who was not in my service line, Sharon Polensek, who claims that she had no knowledge of my medical condition or that I was on (and continue to be on) worker's compensation for my job related injury/assault. I have emails between Sharon Polensek, Michael Prentice, Felecia Williams, Shenia Moore Wilcots, Kerry Punches and Jacalyn Aiken. Ms. Polensek was advised that if I was terminated it would be under non adversarial actions.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

Page 7a, cont'd

under EEOC enforcement guidance on reasonable accommodation and undue hardship under the ADA, OLC Control number EEOC-CVG-2003-1, The ADA requires employers to provide reasonable accommodations so that [their] employees with disability can enjoy the "benefits and privileges of employment" equal to those enjoyed by similarly-situated employees without disabilities. Benefits and privileges of employment include, but are not limited to, employer-sponsored: (1) training, (2) services (e.g.) employee assistance programs (EAPs), etc.

My doctor has been recommending vocational rehabilitation for years to no avail. According to EEOC, Leave without pay is a form of reasonable accommodation, UNLESS the leave is used against the injured employee and nullifies the LWOP as reasonable accommodation. The VA used the use of LWOP to terminate my employment using an adverse action. So I have never received ANY reasonable accommodation after I was assaulted at work by a coworker. The individual who assaulted me (Elise Dent) was not terminated. For the first instance of reasonable accommodation being denied, the law allows a fine of $75,000 and $150,000 for each subsequent denial. I have been denied reasonable accommodation for 2861 consecutive days, which calculates to $429,075,000 of fines to which I am entitled.

In the EEOC enforcement guideline, this question is posed: "Can an employer penalize an employee for work missed during leave taken as a reasonable accommodation?"

Ans: "No. To do so would be RETALIATION for the employee's use of a reasonable accommodation to which s/he is entitled under the law.(53) Moreover, such punishment would make the leave an ineffective accommodation, thus making an employer liable for failing to provide a reasonable accommodation.(54)"

At the time of my termination, I was on approved FMLA also related to my injuries due to the assault on my person by a coworker. My FMLA would have expired on 02/22/2021. I was illegally terminated on 02/19/2021. FMLA entitles eligible employees of covered employers to take unpaid, JOB-PROTECTED leave for specified family and medical reasons with continuation of group health insurance.

I ask the court's relief in the following amounts:
$400,000 in compensatory damage for 12 years of underpayment (wage theft), loss of use, interest and liquidated damages.
$429,075,000 in compensatory damages for violating the Americans with Disabilities Act.

Page 12, con't

$400,000 in compensatory damages for violating the Family and Medical Leave act by terminating my employment when I was in a protected status.

$500,000 in compensatory damages for multiple acts of retaliation, including falsifying a debt that was not owed.

$2,000,000 in compensatory damages for multiple acts of discrimination because of my status and for providing false testimony in EEO claims filed.

I also implore the court to compel the Atlanta VA Medical Center to reinstate my employment on the grounds that I was improperly and illegally terminated (violations of several laws and protected rights) while on protected FMLA and being denied reasonable accommodations.

While on a video/phone conference with Lance Davis, Mr Davis offered to reinstate my employment immediately and also offered to approve vocational rehabilitation without giving me the opportunity to consult with my doctor.

My doctor has already documented that I will continue to need medication and psychiatric treatment for the remainder of my life due to my assault and compounded by the acts of discrimination, and retaliation that I have endured.

I again compel the court to have my grade and step increases to be applied over the last twelve years as if I were never assaulted and injured and also to include grade increases for promotions or changes in positions that would have happened if not for the discrimination and retaliation of those in management positions that they should not hold. Wakisha Wallace is now a GS-8. I am unsure of her step at this time. I was terminated as a GS5, step 4 but has never been paid as such. I continue to be paid as a GS5, step 4. I have never been paid as a GS6, step 1. I have never been paid as a GS6, step 2. I have never been paid as a GS6, step 3. I have never been paid as a GS6, step 4. Robert Barham has stated that I missed some deadline to request monies owed due to fraud. He asserts therefore that the federal government is allowed to underpay an employee if said employee is unaware of the underpayment.

Page 72, cont'd

In email communication, it is evident that VA Personnel were aware that an employee on OWCP could not be terminated under an adverse action, that the Service Line Chief was the only one authorised to begin removal proceedings, yet it was Michael Prentice who was pushing termination under adverse actions. Sharon Polensek is not in my service line as she stated in her testimony related to my EEO complaint. I had included evidentiary proof in support of my claims in the following order:

A. Removal Documents
B. Sharon Polensek testimony
C. Employee on Employee Violence + Intimidating and disruptive behavior policies
D. Emails between VA employees discussing Reisha Kinlocke
E. Discrimination EEO Complaint/Federal Tort Claim
F. Retaliation debt letters
G. Personnel Action without completed information
H. Laura Lee testimony in which she discusses (Caucasian American) Kathy Gammon being able to be afforded reasonable accommodation per doctor's request.
J. Benefit Statement from 2014 which I have been getting since 2014-2022. I was not even given any COLA.
K. FMLA Approval from 23Nov2020 - 22Feb2021
L. Performance Appraisals
M. Document Request for EEO Investigation.
N. Doctors Notes from three Psychiatrists.

15. Plaintiff  ____ still works for defendant(s)
              ✓ no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation? ✓ Yes ____ No

   If you checked "Yes," please explain: The Atlanta VA did not address my (and my doctor's) request for ~~rea~~ vocational rehabilitation and used LWOP for Worker's Compensation to fire me using excessive absences and an adversarial action.

17. If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial? ✓ Yes ____ No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

✓ Defendant(s) be directed to reinstate employment immediately & provide vocational rehabilitation.

✓ Money damages (list amounts) Compensatory damages in the amount of $431,975,000

✓ Costs and fees involved in litigating this case, including lawyers fees and court costs.

✓ Such other relief as my be appropriate Step and grade increases that follows those of Wakisha Wallace's from 2014 to present.

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 15th day of April, 2022

_K Kinlocke_
(Signature of plaintiff *pro se*)

Keisha Kinlocke
(Printed name of plaintiff *pro se*)

3740 Warwick Way
(street address)

Snellville, GA 30039
(City, State, and zip code)

keishakinlocke@live.com
(email address)

(678) 923-5238
(telephone number)

Page 9 of 9